**In re Richard KERZMAN and Lee Ann Kerzman, Debtors.**

**Bankruptcy No. 86–05375.**

United States Bankruptcy Court, D. North Dakota.

July 22, 1986.

Ross Espeseth, Bismarck, N.D., for debtors.

Marvin Madsen, Minot, N.D., for FLB.

William Westphal, Minneapolis, Minn., U.S. trustee.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matter before this court is a Motion for Stay of Sheriff's Sale Pending Appeal,

filed July 21, 1986, by the debtors, Richard and Lee Ann Kerzman. The debtors are appealing this court's order of June 3, 1986, dismissing the debtors Chapter 11 petition filed on May 5, 1986.

The procedural background and facts of this case are as follows:

The debtors filed their original Chapter 11 petition on November 2, 1981. A plan of reorganization was confirmed on July 26, 1985. Subsequent to confirmation, the debtors defaulted on the terms of their plan. As a consequence of the default, Federal Land Bank (FLB) initiated a foreclosure action in state court. Although the plan is in default, the case still remains open and has not been dismissed.

While the original case remains open, the debtors filed another Chapter 11 petition on May 5, 1986, which was on the eve of a foreclosure sale scheduled for May 6, 1986. As a consequence of the second petition, FLB cancelled the foreclosure sale scheduled for May 6. On May 19, 1986, FLB filed a motion to dismiss the debtors' second petition, on the basis that the plan was not filed in good faith and was filed with the purpose of delaying FLB's foreclosure sales. FLB also asserts that the debtors already have a confirmed Chapter 11 plan in effect and are not permitted to file and attempt to have another Chapter 11 plan confirmed at this time, thus constituting cause to have the case dismissed.

Whether a stay pending appeal is appropriate in a given case is governed by the following standard:

(1) Appellant is likely to succeed on the merits of the appeal;

(2) The appellant will suffer irreparable injury;

(3) No substantial harm will come to appellee; and

(4) The stay will do no harm to the public interest.

*E.g., In re Beck,* 26 B.R. 945 (Bankr.N.D. Ohio 1983); *In re Sung Hi Lim,* 7 B.R. 319 (Bankr.D.Hawaii 1980).

Section 1112(b) of the Bankruptcy Code provides that upon request of party in interest, a Chapter 11 case may, after notice and hearing, be dismissed for "cause". Cause for dismissal is not limited to the specifically enumerated examples set out in section 1112(b), but rather is a matter of discretion with the Bankruptcy Court. *In re Witkowski,* 41 B.R. 723 (Bankr.N.D. 1984). There is, in the Code, an implied requirement of good faith in the filing of any bankruptcy petition. *In re Condominium Ass'n. of Plaza Towers South, Inc.,* 43 B.R. 18 (Bankr.S.D.Fla. 1984); *In re 2218 Bluebird Ltd. Partnership,* 41 B.R. 540 (Bankr.S.D.Cal.1984). The absence of good faith on the part of a debtor in filing a petition is sufficient cause for its dismissal. *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984); *In re Thirtieth Place, Inc.,* 30 B.R. 503 (Bankr. 9th Cir.1983). In finding a lack of good faith, courts emphasize an intent to abuse the judicial process; particularly where there is no realistic possibility of reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors. *In re Albany Partners,* 749 F.2d, at 674. A lack of good faith exists where at the outset, the debtor is not a viable economic entity and it is obvious that the petition was filed for the sole purpose of frustrating and delaying legitimate efforts of secured creditors to enforce their rights. *Matter of Southern Communities, Inc.,* 57 B.R. 215 (Bankr.M.D.Fla. 1986).

In the instant case, the debtors appear to be filing solely for the purpose of forestalling FLB of its rights to foreclose under state law. The debtors have been operating under the protection of the Bankruptcy Code and/or a confirmed plan since 1981. It strikes the court as being unequitable and improper for a debtor who fails to meet its projections under the terms of one plan, to attempt to then circumvent the procedures for modifying a plan by filing a new petition. The debtors' creditors have not realized on the benefits of their contractual bargains with the debtors prior to bankruptcy because the filing of a bankruptcy petition changes those rights. Sub-

sequently, a confirmed plan creates new rights as between creditors and the debtors. Now the debtors appear to be attempting to again deprive creditors of their rights. This process cannot go on indefinitely. Even if the court were to overlook the inappropriateness of the debtors filing of a second petition while a confirmed plan is still in effect, the debtors have failed to establish that circumstances have changed substantially so that the debtors now have a realistic prospect of a successful reorganization.

It is for these reasons that the court dismissed the debtors' second Chapter 11 plan filed on May 5, 1986. Because bankruptcy courts have broad discretion in entertaining a motion to dismiss, the court does not believe the debtors are likely to succeed on the merits of their appeal. Accordingly, the motion of the debtors for a stay pending appeal is hereby DENIED.

IT IS SO ORDERED.