In re Robert Sage **TURNER, Betty Turner d/b/a Simanook Sage.**

**Bankruptcy No. 87–40079.**

United States Bankruptcy Court,
D. Montana.

March 5, 1987.

Randy Winner, Great Falls, Mont., for debtors.

Dunlap & Caughlan, Butte, Mont., trustee.

Dennis Tighe, Great Falls, Mont., for FLB.

Byron H. Dunbar, Great Falls, Mont., for I.R.S.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

This matter is before the Court on the motion of the Federal Land Bank of Spokane (FLB) for dismissal of the Chapter 12 petition, or in the alternative, relief from the automatic stay.

The facts and procedural background of the case are as follows.

The Debtors originally filed a Chapter 11 petition on January 12, 1983. On February 22, 1983, notice for a show cause hearing was issued by the Court for the Debtors' failure to timely file their Schedules and Statement of Affairs. On March 7, 1983, the Schedules were filed, thus relieving the necessity of the show cause hearing. On January 9, 1984, the Debtors' Second Amended Joint Disclosure Statement was approved but no Plan of Reorganization was ever confirmed. On May 24, 1984, FLB filed a motion for relief from the automatic stay to foreclose on its interest in real property of the estate. On September 6, 1984, the Court approved a stipulation between the Debtors and FLB calling for the sale of the real property, with the Debtors to undertake their best efforts to consummate a sale. In the event a sale was not achieved within the specified time set forth in the stipulation, i.e., December 31, 1984, the parties agreed to a lifting of the stay to allow FLB to foreclose its mortgage. On February 25, 1985, after the stipulated deadline for sale had expired, FLB renewed its motion, which was granted by this Court March 1, 1985. No further significant action occurred in the Chapter 11 case and on September 23, 1986, the Internal Revenue Service moved to dismiss the petition on the grounds the Debtors failed to file federal income tax returns from 1979, and including post-petition years of 1983 to 1985, even though their projected annual net income ranged from $80,150.00 to $95,235.00. On October 14, 1986, the Debtors responded that they had no defense to raise and consented to entry of an Order of Dismissal. After notice and hearing, the Order of Dismissal was entered November 11, 1986.

In December, 1977, the FLB loaned the Debtors $400,000.00 in return for a promissory note and mortgage to real property. No payments were made on the note after 1981 and in December, 1982, FLB gave the Debtors notice of default and accelerated the balance. The Chapter 11 petition was filed in January, 1983. After entry of the order for relief from stay, the state court action was commenced in 1985, with judgment entered December 18, 1986, in favor of FLB, in the amount of $757,627.20, plus accruing interest, costs and attorney fees, and further granting FLB a decree of foreclosure on the property. Foreclosure sale, pursuant to state law, was duly noticed for March 18, 1987.

On February 13, 1987, the instant Chapter 12 case was filed. No Schedules and Statement of Affairs were filed with the petition and on February 17, 1987, the Debtors were ordered to file the Schedules by February 26, 1987. The Schedules were not timely filed in accordance with the Court's Order and on February 27, 1987, a motion for further extension of time was filed. That motion is now pending outcome of the present FLB motion.

Other factors which have prompted FLB to request the relief sought are as follows. In February, 1985, the Debtors conveyed by Warranty Deed the property subject to the FLB mortgage to Solaco, Inc., a Nevada corporation, and FLB asserts the intent behind the conveyance was to cloud title or delay the foreclosure action. The Debtors contend the transaction was an attempt to gain favorable tax treatment and now contend the entire transfer was a fraud upon the Debtors perpetrated by a former attorney, who the Debtors have now sued. Solaco, Inc. was a named party defendant in the foreclosure action.

FLB draws the Court's attention to two other acts on behalf of the Debtors which FLB concludes were undertaken to delay and forestall the foreclosure action. The Debtors caused to be filed "declarations of land patent" to the property and "labor liens" by members of the Debtors' family, in the amount of approximately $750,-000.00, which FLB concludes had no intent

other than to cast a cloud on title to the property. Again, the Debtors now recant on the filing of such documents, assert they were previously misguided and promise to take steps in this proceeding to nullify their previous acts.

FLB seeks dismissal of this case on the grounds (1) the Turners are not eligible to be "debtors" as the term is defined at Section 109(g) of the Bankruptcy Code, due to their status as a debtor under Chapter 11 during the preceding 180 days and the voluntary dismissal of that case;[1] (2) that the present filing of the Chapter 12 case is not in good faith and is made with the sole intent of delaying, harassing and preventing the foreclosure sale of March 18, 1987; (3) that due to the Debtors' conveyance of the property to Solaco, Inc., not a party to this action, the ranch is not property of the estate so that the automatic stay provisions are not applicable and FLB is free to continue with the foreclosure sale without violating the provisions of the Bankruptcy Code; or (4) that in the event the property is property of the estate and subject to the automatic stay, that the automatic stay be lifted in accordance with the prior agreed terms and provisions of the order lifting the stay in the preceding Chapter 11 case.

The Debtor, Robert Turner testified at the hearing on the dismissal motion that he qualified as a family farmer because over 80% of his income is derived from farming, the ranch is worth over 1.3 million dollars, his equipment has a value of $200,000.00 to $240,000.00 and his income can reach as high as $150,000.00. The Debtor sought relief in the state court proceeding from the judgment under Rule 60, M.R.Civ.P., but such motion was denied, and that denial is now on appeal. Turner admitted he was present at the Chapter 11 dismissal hearing on October 28, 1986, that his then-attorney confessed the motion, but did so without Turner's consent. Turner's testimony regarding his failure to file income tax returns since 1979 was confusing, in that he stated the "farm" filed returns, but he did not do so individually. His present

counsel concedes the annual ranch income would probably not be able to pay the accruing interest on the FLB debt and that Turner would have to liquidate part of the property to satisfy FLB's obligation. No other firm plan proposals were presented by the Debtors.

 I find and conclude that resolution of this matter is reached by analyzing whether the Chapter 12 petition was filed in good faith. There is in the Code an implied requirement of good faith in the filing of any bankruptcy petition. *In re 2218 Bluebird Ltd. Partnership*, 41 B.R. 540, 542 (Bankr.S.D.Calif.1984). A number of courts have held that bad faith—i.e., filing under Chapter 11 with the intent to abuse the reorganization process—is sufficient "cause" under Section 1112 to dismiss a case. *In re 405 N. Bedford Dr. Corp.*, 778 F.2d 1374, 1377 (9th Cir.1985); *In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (BAP 9th Cir.1983); *In re Asbridge*, 61 B.R. 97 (Bankr.N.D.1986). Good faith is not defined in the Code, but rather requires an examination of all the particular facts and circumstances in each case. The BAP in *Thirtieth Place, Inc.*, at 505, adopted the following standard:

> "Whether it [good faith] exists in any case depends upon the facts and circumstances presented. No one evidentiary fact can be given paramount weight in deciding the question. If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administration expenses ... to mortgage foreclosures, and to invoke the operation of the [bankruptcy law] in the spirit indicated by Congress in the legislation, namely, to attempt to effect a speedy efficient reorganization upon a feasible basis ... good faith cannot be denied."

---

1. I find this ground is without merit because the plain reading of 109(g) requires that the Debtors request dismissal of the previous Chapter 11 case. The IRS requested dismissal, not the Debtors. *In re Keziah*, 46 B.R. 551, 554 (Bankr. W.D.N.C.1985).

The relevant statutory provision for dismissal of a Chapter 12 case is found at Section 1208 of the Bankruptcy Code. Section 1208(c)(9) authorizes dismissal for cause, including continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation. This language is verbatim from that found at Section 1112(b)(1) regarding Chapter 11 dismissal. Thus, the applicable standards set forth in the Chapter 11 case law on dismissal, especially concerning good faith, would have merit in this Chapter 12 case.

In the present case there is too much indicia in the record establishing the sole motive behind the Chapter 12 filing is to forestall or delay the foreclosure sale, to-wit: the original Chapter 11 case was commenced less than a month after the FLB sent a notice of default and demand for payment; the failure of the Debtors to timely file their Chapter 11 Schedules; the failure of the Debtors to seek confirmation of a Chapter 11 plan, although the date of dismissal was nearly four years from commencement of that case; the attempts to convey title to a new entity and file liens and patents on the property to cloud title; the commencement of the Chapter 12 case after but a brief respite from the dismissal of the relatively dormant Chapter 11 case, followed by the failure to timely file the Schedules and Statement of Affairs after being specifically ordered to do so by this Court. Had the Debtors been sincere in attempting to achieve a successful reorganization, whether under Chapter 11 or Chapter 12, they could have put forth a more diligent effort to satisfy the requirements of the Code. Rather it appears the steps taken by the Debtors closely mirror and are influenced by the actions of the FLB in the foreclosure suit. This tendency over such an extended period of time is more than coincidence. Frustration of creditors' rights, rather than reorganization to restructure a debt is the rule of the Debtors in this case.

■ Admittedly, it is not a novel approach to file a bankruptcy petition to frustrate a foreclosure. As previously stated from case law on the subject, the Court must examine all the circumstances of the case, but three main factors Bankruptcy Courts have considered are: (1) the timing of the filing of the petition; (2) the motive of the Debtor in filing the petition; and (3) the accuracies or inaccuracies of the debtors' assertions in their petition and schedules. *In re Block K Associates*, 55 B.R. 630, 633 (Bankr.D.Colo 1985). In the instant case, the Debtors' strike out on all three points. Petitions filed on the eve of foreclosure with the intent to cause hardship or delay to creditors and merely for the purpose of invoking the automatic stay without an intent or ability to properly reorganize is one abuse of the Bankruptcy Code and renders the petition subject to dismissal. *In re Block K*, supra; *In re 2218 Bluebird Limited Partnership*, supra; *In re Thirtieth Place*, supra; *In re Thomas*, 36 B.R. 851 (Bankr.W.D.Ky.1984); *In re Kerzman*, 63 B.R. 393 (Bankr.D.N.D. 1986). Faced with imminent foreclosure sale, the Debtors should have diligently filed their schedules and a proposed Plan so as to indicate their good faith. Rather, they simply seek more delay in this case after having forestalled FLB's rights for over four years. As the record clearly establishes, the sole purpose behind the filing of the Chapter 12 petition was to frustrate and delay the efforts of FLB from enforcing their rights to which the Debtors had previously stipulated FLB could pursue.

IT IS ORDERED this case is dismissed.