**In re James Peter LUBBERS, Priscilla Ann Lubbers, Debtors.**

**Bankruptcy No. 86–41724.**

United States Bankruptcy Court, D. Kansas.

April 30, 1987.

James and Priscilla Lubbers, in pro per.

Paul D. Post, Topeka, Kan., for debtors.

Bradley C. Ralph, of Fisher, Heck & Cavanaugh, P.A., Topeka, Kan., for George and Hazel Brady, Georgia Lee Christy, and Eva and Lois Cathey.

Leon Patton, U.S. Atty., Topeka, Kan., for U.S.

Charles R. Hay, of Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for First Nat. Bank and Trust Co. of Parsons.

Edward J. Nazar, Wichita, Kan., trustee.

MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

This proceeding was before the Court for a chapter 12 confirmation hearing on April 17, 1987. The United States of America, on

behalf of its creditor agencies, filed a motion to dismiss and an objection to confirmation of the plan. A number of other creditors filed objections to confirmation of the plan.

## FINDINGS OF FACT

The debtors filed their chapter 12 petition on November 26, 1987. At the time of filing, the petition consisted only of a cover page, without accompanying schedules or a matrix listing the creditors. See Bankr. Rule 1002(a); Official Form No. 1. On December 12, 1987 the § 341 meeting of creditors was scheduled for January 6, 1987 at 9:00 a.m. In the interim, the 15–day period for filing schedules expired under Rule 1007(c), without the debtors either filing schedules or timely requesting an extension under Rule 1007(a)(4). On December 19, 1986, the standing trustee requested this Court for an order setting a deadline for the filing of the schedules.

The § 341 meeting was held as scheduled on January 6, 1987, despite the fact that debtors had yet to file schedules or a request for an extension. Debtors eventually filed their schedules three days later, on January 9, 1987. Nonetheless, the schedules uniformly failed to list the market value of any secured creditors' collateral, although the value of debtors' exempt personal property was given.

The debtors did not file a plan within 90 days of the filing of the chapter 12 proceeding nor did they request an extension of time to file a plan within that 90 day period. 11 U.S.C. § 1221; Bankr. Rule 9006(b). Two days after the running of the 90–day period, the debtors filed a motion to extend time to file a plan. Although no timely objection was made to the motion, the debtors never submitted an order allowing the filing of a plan out of time. Despite the lack of Court approval, on March 5, 1987, and within the enlarged time period the debtors had sought in their untimely motion to extend, debtors filed their first plan.

The March 5th plan was generic. It did not name a single creditor and did not specify the amount of money to be paid to any specific creditor, although it offered the unsecured class $16,476 annually for a period of three years. The plan also did not advise creditors whether any creditor was to be paid monthly, quarterly, semi-annually or annually. See 11 U.S.C. § 1222. The plan called for fully secured creditors, whoever they might have been, to be paid in full at the contract rate, and for partially secured creditors to be paid the value of their security at a discount factor of one point over the prime rate of interest existing on the effective date of confirmation. No cash flows were presented; no indication of what the debtors planned to do to generate funds to pay creditors was given; and no expenses were set forth. In general, it would be impossible for any creditor to divine from the plan as filed who the debtors intended to pay, much less what amounts the debtors intended to pay, and whether or not the debtors would generate sufficient cash to make any payments. See 11 U.S.C. §§ 1222 and 1225(a). This plan was noticed for hearing for April 17, 1987.

On April 9, 1987 the debtors filed a first amended chapter 12 plan and noticed this amendment to creditors on April 10 and to newly entered counsel for creditors on April 13. The amended plan did contain the names of creditors in the various classes and financial information from which the creditors could glean the possible feasibility of the plan and the nature of the debtors' post-confirmation business.

Several creditors objected to the confirmation of the plan. 11 U.S.C. § 1224. The creditors Brady, Christy and Cathey objected on the ground that the plan contained no basis upon which they could evaluate its feasibility. The creditor Bank objected on the grounds that the plan had not been proposed in good faith and could not meet the liquidation test. 11 U.S.C. § 1225(a)(3), (a)(4). The U.S. Attorney both objected and moved to dismiss, citing debtors' omission in the plan of any pertinent information and debtors' failure to timely file a plan. 11 U.S.C. §§ 1221, 1208(c)(3). According to the U.S. Attorney, the plan "would not enable anyone other than a prophet or soothsayer to determine what

will happen under the plan," and was submitted in bad faith.

At the chapter 12 confirmation hearing held April 17, 1987, this Court from the bench sustained the objections and granted the U.S. Attorney's motion to dismiss. This Memorandum of Decision sets forth the Court's rationale underlying its April 17 ruling, and incorporates that ruling by reference.

## CONCLUSIONS OF LAW

The Court concludes that the debtors, other than by the filing of a cover page, have not complied with any relevant statute or rule throughout this proceeding. The schedules and statement of affairs were not filed timely and in fact were filed after the § 341 meeting, making such a meeting virtually meaningless. Bankr. Rule 1007(c). The schedules when filed contained no information as to the debtors' valuation of collateral pledged to secured creditors, except as that valuation might be given when the debtors sought to exempt certain of the collateral. Bankr. Rule 1007(b). The debtors then filed a plan out of time without permission. 11 U.S.C. § 1221; Bankr. Rule 9006(b). The plan filed was virtually meaningless and simply gives the appearance of having been filed in order to forestall a motion to dismiss for failure to file a plan. That plan was noticed for hearing immediately after it was filed and the hearing scheduled for April 17. The debtors then waited until April 9 to file a meaningful plan, again without any permission to file out of time. Thus, it was not until 134 days after the filing of the chapter 12 petition that the debtors filed the first real plan of reorganization. Had this Court not dismissed the case, the late filing would have necessitated postponement of the confirmation hearing for the creditors to review and formulate any objection they may have had to such plan.

The Court concludes that debtors, having violated nearly every applicable rule, have not shown substantial justification for an extension to file and have considered by the Court the amended plan filed April 9, 1987. The Court further finds that the motion to dismiss for cause should be granted for unreasonable delay prejudicial to creditors; for failure to timely file a plan; and for denial of confirmation and denial of a request to file an additional or modified plan. 11 U.S.C. § 1208(c)(1), (c)(3), (c)(5).

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.