**In re S FARMS ONE, INC., Debtor.**

**CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Applicant,**

**v.**

**S FARMS ONE, INC., Respondent.**

**Bankruptcy No. 87 B 01203 C.**
**Motion No. 0317 M/E 48.**

United States Bankruptcy Court, D. Colorado.

April 30, 1987.

---

4. To our knowledge, the only reported decisions construing the Secondary Mortgage Loans Act are those of this Court.

Jane Frey, Denver, Colo., for applicant.

Barton Balis, Boulder, Colo., for debtor/respondent.

## ORDER ON APPLICATION FOR RELIEF FROM STAY

CHARLES E. MATHESON, Bankruptcy Judge.

This matter came before the Court on the application of Connecticut Mutual Life Insurance Company seeking an order pursuant to 11 U.S.C. § 362(d) granting it relief from the Automatic Stay herein. The Court held a preliminary hearing on April 13, 1987, at which time counsel for the Applicant and the Debtor presented the Court with their declarations of the underlying facts in this case.

The statements made by counsel and the file of this matter indicate that the Debtor, S Farms One, Inc., was organized as a Colorado corporation on January 30, 1987. On February 4, 1987, it acquired the owner-

ship of a parcel of land from Schneller Farms, Inc. On that same day (approximately 30 minutes after the deed to the Debtor was recorded) a petition was filed herein by the Debtor pursuant to the provisions of Chapter 12 of title 11 of the United States Code.

The reason for the prompt filing was the pending foreclosure sale which had been scheduled by Connecticut Mutual for February 4, 1987, at the hour of 10:00 a.m., approximately one-half hour after the time of the filing of the petition herein. Connecticut Mutual was not advised of the filing and the sale was held as scheduled, at which time Connecticut Mutual bid in the property for $587,500.00, and received a Certificate of Purchase. The Certificate of Purchase was immediately recorded on the morning of February 4, 1987, and approximately 30 minutes thereafter, the Debtor recorded notice of the filing of the petition in this Court.

After the filing of the Chapter 12 petition, the Debtor sought and was granted an extension of time to file the necessary Schedules and Statement of Affairs. The form of Statement of Affairs has been filed but the Debtor has not filed its Schedules of Debts and Assets, although the time for filing those is long passed due. The petition filed by the Debtor disclosed the existence of only four creditors, those being the Applicant herein, Highline Electric Company, IW Bank of Sterling, and Yuma County Treasurer for real estate taxes.

At the hearing on the Applicant's Motion for Relief from Stay the evidence received indicated that the land at issue is the Debtor's only significant asset. The Debtor has asserted that the property has a value of $320,000.00, but for purposes of the hearing was willing to accept the value asserted by Connecticut Mutual of $425,000.00. The Debtor offered testimony of its intention to lease approximately 40 percent of the farm acreage and to conduct farming operations on the balance of the land. The Debtor has no operating funds and is in the process of making applications to various borrowers for an operating loan in the amount of approximately $90,000.00. The Debtor has received no commitments for such loans.

As noted, the hearing which was held was a preliminary hearing pursuant to the provisions of 11 U.S.C. § 362(e). As specified by that section, the Court can order the stay continued in effect pending a final hearing, if the Court determines that there is a "reasonable likelihood that the party opposing relief from stay will prevail at the conclusion of such final hearing." The right of the Applicant to relief from stay is predicated on 11 U.S.C. § 362(d). That section specifies that the Court must grant relief from stay if it determines that cause exists or, with respect to foreclosure against property interests, if the debtor does not have an equity in the property and the property is not necessary to an effective reorganization.

Focusing first on the provisions of 362(d)(2)(B), the Court must address the question of whether the property at issue is necessary to an "effective reorganization." It is clear that what the Debtor must show in this regard is that there are reasonable prospects for an actual reorganization pursuant to the provisions of Chapter 12. That question, in turn, involves an inquiry into the question of whether the Debtor can confirm a plan and meet the confirmation requirements mandated by section 1225 of the Code. In particular, in this case, the Court must address the issue of whether this Debtor will be able to establish at confirmation that a plan has been proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1225(a)(3).

The legislative history, and indeed the very terms of the statutory enactment, indicate that Chapter 12 was passed by Congress to protect the "family farmer." For purposes of the Act, a family farmer is defined to be a corporation in which more than 50 percent of the stock is held by one family, more than 80 percent of the value of its assets consists of assets relating to farming operations, its aggregate debts do not exceed $1,500,000, and not less than 80 percent of its aggregate non-contingent, liquidated debts on the date the case is

filed "arise out of the farming operation owned or operated by such corporation or such partnership;" 11 U.S.C. § 101(17)(B). Only a family farmer with "regular annual income" may be a debtor under Chapter 12. 11 U.S.C. § 109(f).

An examination of the facts in this case, in light of the definitions and requirements of the Code, leads the Court to the conclusion that this Debtor does not qualify as a family farmer within the meaning and requirements of section 109. This Debtor has no history of engaging in the agricultural business. The limited number of debts that this Debtor has did not arise out of farming operations, but were assumed as part of the acquisition of the property. There is no established history of income and no capital available to establish ongoing farming operations. The evidence is that farming operations this year are dependent upon the Debtor borrowing funds and no such funds are presently available.

A similar situation was confronted by the Court in the case of *In re Ripley*, 40 F.Supp. 850 (W.D.Mo.1941). That case arose under the Frazier-Lemke Farm Mortgage Act where a petition for composition was filed. The evidence there indicated that the debtor in that case, Mr. Ripley, purchased for a nominal sum an 80–acre farm, which was heavily indebted. At the time that the purchase was made, a foreclosure case was pending. The debtor then sought protection in the legal proceedings then available under the Frazier-Lemke Act for debt relief for farmers. That relief was denied him because the court found that he was not a farmer within the meaning of the Act i.e. "an individual who is primarily bona fide personally engaged in producing products of the soil." The court stated:

> One who purchases the naked title to an encumbered farm in which there is no equity on the eve of a foreclosure, for the purpose of thereby bringing himself within the Act is not a "farmer" as to that land and is not entitled to the benefits of the Act. *Ibid* at 852.

The rule established in the *Ripley* case, *supra*, is applicable here. The Debtor in this case does not qualify to enjoy the benefits of Chapter 12 of the Bankruptcy Code. Therefore, any plan proposed by the Debtor would be proposed in violation of law and could not be confirmed pursuant to the requirements of 11 U.S.C. § 1225(a)(3). Since it is clear that the Debtor does not have any equity in the property, and since there cannot be a reorganization under Chapter 12, relief from stay must be granted pursuant to the requirements of 11 U.S.C. § 362(d)(2).

The same conclusion can be reached because of the Debtor's lack of good faith. In the *Ripley* case, *supra*, the court there concluded that there was a lack of good faith on the part of the debtor in attempting to assert that he was a farmer within the meaning of the Act, when he clearly was not. Similarly here, there is such a lack of good faith. The Debtor's lack of good faith is further evidenced by the manner in which the case was filed, i.e., the organization of a new corporation, immediate acquisition of the property and the filing of the petition within 30 minutes after the property was acquired. A lack of good faith is further evidenced by the manner in which the case has been handled. No schedules have been filed by the Debtor, although the time for filing the Schedules has long passed. In addition, no plan of reorganization has been filed, although the Court recognizes that the Debtor still has, under the Code, a short period of time left within which a plan may be filed. In the totality, however, the Court must conclude that the case has not been filed in good faith, nor could any plan herein be filed in good faith and confirmation of a plan would fail therefore under 11 U.S.C. § 1225(a)(3) for that reason.

The Court must also conclude that relief from stay should be granted for cause. The fact that the Debtor does not qualify for relief under Chapter 12 is an indication that the sole purpose for filing was to frustrate the foreclosure proceeding which had been instituted by the Applicant. Since the Debtor cannot reorganize under Chapter 12, good cause exists to grant relief from stay.

In this case, a foreclosure sale was held at the request of Connecticut Mutual after the time of the filing of the Debtor's petition herein, but without knowledge or notice of that filing. In most cases, it is held that action taken in violation of the automatic stay is void, notwithstanding the lack of knowledge of the offending party. In this case, Connecticut Mutual has asked the Court to enter the order granting relief from stay, *nunc pro tunc* to the time of the foreclosure sale, in order to validate that sale. It has been recognized that an invalid petition is not binding on a creditor. Thus, where an invalid petition has been filed, an act by a creditor post-petition is valid and not void because done in violation of section 362. *Ellis v. Yumen*, 324 F.Supp. 1314 (D. Hawaii 1971). That principle is fully applicable here.

Based on the foregoing findings and conclusions it is hereby

ORDERED that Connecticut Mutual Life Insurance Company is hereby granted relief from the stay imposed by 11 U.S.C. § 362 to consummate its foreclosure of its deed of trust held against property owned by the Debtor herein; and it is

FURTHER ORDERED that this relief is granted *nunc pro tunc* to a date and time immediately preceding the holding of the foreclosure sale on February 4, 1987, and said sale is hereby ratified and affirmed.