**In re GALLOWAY FARMS, INC. Debtor.**

**Bankruptcy No. 87–00722–C.**

United States Bankruptcy Court, S.D. Iowa.

Sept. 23, 1987.

Maryln S. Jensen, Osceola, Iowa, for debtor.

Elizabeth A. Nelson, Des Moines, Iowa, trustee.

Terry Giebelstein, Davenport, Iowa, for Phoenix Mut. Life Ins. Co.

## MEMORANDUM RE: ORDER GRANTING MOTION TO DISMISS

MICHAEL J. MELLOY, Bankruptcy Judge, Sitting by Designation.

The matter before the Court is the Motion to Dismiss Galloway Farms, Inc. (Debtor) bankruptcy case filed by Phoenix Mutual Life Insurance (Phoenix). The Court having reviewed the evidence and the arguments of counsel now makes the following Findings, Conclusions, and Order pursuant to F.R.B.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### FACTS AND DISCUSSION

Debtor executed a Note and Mortgage to Phoenix for a principal amount of $223,000 on April 17, 1979. Debtor has made only nominal payments on the obligation. The payment history is as follows:

1. $10,412.86 – October 31, 1979
2. $10,000.00 – January 11, 1982
3. $10,000.00 – June 2, 1982
4. $ 7,500.00 – April 28, 1987 (adequate protection payment)

The principal and interest accrued as of March 20, 1987 (the date of filing) equals $411,163.18 (See Exhibit 4). The Note and Mortgage agreement also provided that Debtor was responsible for the payment of real estate taxes and casualty insurance premiums. Phoenix advanced the real estate taxes in 1982–1984 and advanced the casualty insurance premiums three times.

Phoenix and Debtor have been involved in a quagmire of litigation. The following is a synopsis of the litigation between Phoenix and Debtor:

### First Chapter 11 Petition

07–15–80 Galloway Chapter 11 Bankruptcy filed (Case # 80–111–C)

07–19–82 Court entry of Stipulation and Consent Order re Phoenix's Motion for Relief from Stay, including "drop-dead" clause.

07–19–82 Modification of Promissory Note signed

01–26–83 Affidavit of Default by Phoenix invoking "drop-dead" clause and lifting stay

01–12–84 First Galloway Bankruptcy dismissed

### Foreclosure Action

02–25–83 Phoenix Foreclosure Petition filed in Iowa District Court for Ringgold County (Equity No. 3245)

06–29–83 Consent Order Appointing William Kimberley as Receiver

11–07–83 Court Ruling Denying Moratorium Continuance

11–23–83 Galloway Notice of Appeal to Iowa Supreme Court (Case # 84–44)

12–03–84 First Galloway Appeal to Iowa Supreme Court dismissed

02–04–85 Phoenix filed Motion for Summary Judgment in Foreclosure Action

03–05–85 Hearing on Summary Judgment Motion

03–08–85 Second Galloway Appeal to Iowa Supreme Court (Case # 85–388)

03–11–85 Galloway's Removal of foreclosure case to U.S. District Court, Southern District of Iowa

05–31–85 Motion to Remand filed by Phoenix in Federal Court

01–04–86 Judge Donald E. O'Brien orders Remand

02–19–86 Motion for Reconsideration of Remand by Galloway

03–07–86 Denial of Motion for Reconsideration of Remand by Judge O'Brien

June to Oct. 1986 Briefs filed in Iowa Supreme Court proceeding (Case # 85–388)

05–03–87 Scheduled Oral Arguments before Iowa Supreme Court

### Second Chapter 11 Petition

04–08–85 Galloway Chapter 11 Bankruptcy filed (Case # 85–709–D)

05–16–85 Galloway Chapter 11 Bankruptcy dismissed for lack of good faith on Motion of F.D.I.C.

### Chapter 12 Petition

03–02–87 Filing of Chapter 12 by Galloway (Case # 87–722–C)

As indicated in the preceding list, the Debtor has filed two Chapter 11 petitions and one Chapter 12 petition in the past seven years. Debtor's first Chapter 11 petition was dismissed for failure to effectuate a plan after "languishing under the protective shield of the Code for three and one-half years." *In the Matter of Galloway Farms*, No. 85–709–C, slip op. at 1 (Bankr.S.D.Iowa May 16, 1985) (court decision in second Chapter 11 discussing first Chapter 11 case). Phoenix was granted relief from the automatic stay in the first Chapter 11 case because of Debtor's default on payments agreed to in a Consent Order. (See Exhibits No. 3 & 6). This allowed Phoenix to immediately demand from Debtor all of the real estate covered by the mortgage agreement. Phoenix commenced an action for foreclosure of its mortgage in state court.

Phoenix and Debtor have been involved in extensive state court litigation evolving from the foreclosure action. William Kimberley was appointed as receiver of the property covered by the mortgage agreement pursuant to a Consent Order. The receiver has not received any of the farm rents for 1983, 1984, 1985, and 1986. James Galloway, vice president, secretary and principal shareholder of Galloway Farms, Inc., did not recognize an obligation to pay rents to the receiver. In fact, James Galloway has interfered with the receivership by renting the ground to a Mr. Olney in 1985 and 1986 and by failing to turn the rents over to the receiver. James Galloway, on behalf of the Debtor, sent a letter instructing William Kimberley to remove himself as receiver. The letter also informed Kimberley that the property was posted with "no trespassing signs." (See Exhibits No. 13 & 14). In addition, James Galloway, on behalf of the Debtor, filed a Resistance to Phoenix's Motion in state court to Compel Accounting to the Receiver alleging that there was no receiver involved. (See Exhibit No. 15).

Debtor's second Chapter 11 petition was dismissed by the Bankruptcy Court for lack of good faith in filing pursuant to § 1112(b) on the Motion of the F.D.I.C. The Court, in reaching its conclusion, stated "the court can only conclude that it was not a coincidence that the filing of this Chapter 11 petition occurred while a state court replevin action was proceeding. The court finds that the instant petition was filed merely to delay or frustrate the legitimate efforts of the FDIC to enforce its rights." *In the Matter of Galloway Farms*, No. 85–709–C, slip op. at 4 (Bankr.S.D.Iowa May 16, 1985).

The movant argues pursuant to 11 U.S.C. §§ 1208(c)(1) and (9) that the Court should dismiss the Debtor's case for "cause". §§ 1208(c)(1) and (9) provides:

(c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—

(1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;

(9) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation.

In addition, Phoenix alleges that the filing was in "bad faith" and is a basis of "cause" for a § 1208(c) dismissal.

The grounds for dismissal under § 1208(c) are very similar to the dismissal factors under 11 U.S.C. § 1112(b).[1] Thus, the applicable standards set forth in the Chapter 11 case law on dismissal are persuasive authority in a Chapter 12 case. *In re Turner*, 71 B.R. 120, 123 (Bankr.D. Mont.1987); J. Anderson & J. Morris, *Chapter 12 Farm Reorganizations* § 2.08, 2–41 (1987). Section 1112(b) permits a bankruptcy court to dismiss a case for "cause". The preceding provision contains a nonexhaustive list of nine factors which constitute "cause". However, a number of courts have determined that lack of good faith in the filing of a petition is sufficient "cause" for dismissal under § 1112(b). *In re 405 N. Bedford Dr. Corp.*, 778 F.2d 1374, 1377 (9th Cir.1985); *In re Albany Partner, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (9th Cir. BAP 1983); *In re Morris Plan Company of Iowa*, 62 B.R. 348 (Bankr.N.D.Iowa 1986); *Matter of Winn*, 43 B.R. 25, 28 (Bankr.M.D.Fla.1984); *See also In re Turner*, 71 B.R. at 122 (interpreting Ch. 12 requirements); *In re Lubbers*, 73 B.R. 440, 442 (Bankr.D.Kan.1987) (interpreting Ch. 12 requirements); *In re S Farms One, Inc.*, 73 B.R. 103, 106 (Bankr. D.Colo.1987) (interpreting Ch. 12 requirements). "There is in the Code an implied requirement of good faith in the filing of any bankruptcy petition." *Turner*, 71 B.R. at 122.

The dismissal for cause based on lack of good faith in filing is subject to judicial discretion under the facts and circumstances of each case. *Albany Partners LTD.*, 749 F.2d at 674, citing *In the Matter of Nancant*, 8 B.R. 1005 (Bankr.D.Mass. 1981); *Turner*, 71 B.R. at 122, citing *Thirtieth Place, Inc.*, 30 B.R. at 505. In finding a lack of good faith courts have emphasized:

"If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administration expenses ·... to mortgage foreclosures, and to invoke the operation of the (bankruptcy law) in the spirit indicated by Congress in the legislation, namely to effect a speedy, efficient reorganization upon a feasible basis ... good faith cannot be denied." *Turner* 71 B.R. at 122, citing *Thirtieth Place, Inc.* 30 B.R. at 505; *See also, Albany Partners LTD.* 749 F.2d at 674.

In *Turner* the bankruptcy court dismissed the Debtors' Chapter 12 petition for lack of good faith in filing pursuant to § 1208(c) of the Bankruptcy Code. The facts in *Turner* are similar to the case at bar. In that case the Debtor originally filed a Chapter 11 petition that was dismissed nearly four years later for failure to seek confirmation of a plan. The Federal Land Bank was granted relief from the automatic stay after Debtors' failed to comply with a stipulated agreement that required them to undertake their best efforts to sell the real property. *Turner*, 71 B.R. at 121. The Federal Land Bank then commenced a state foreclosure action and a sale was noticed. The Turners filed their Chapter 12 petition five months after the Chapter 11 dismissal and one month prior to the scheduled foreclosure sale. The *Turner* court also noted that the Debtors' actions mirrored and were influenced by the actions of the Federal Land Bank in a state foreclosure suit. *Id.* at 123.

This court finds and concludes that resolution of this matter is reached by analyzing whether the Chapter 12 petition was filed in good faith. There is considerable evidence in the record establishing Debt-

1. "(b) Except as provided in subsection (c) of this section, on request of a party interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
(3) unreasonable delay by the debtor that is prejudicial to creditors;

**490**

or's lack of good faith in filing: this is Debtor's third bankruptcy petition in seven years; the original Chapter 11 case was dismissed for lack of prosecution and failure to file a plan; Phoenix was granted relief from the automatic stay pursuant to a stipulated agreement which provided that Phoenix could immediately begin foreclosure proceedings; Debtor's second Chapter 11 bankruptcy petition was dismissed for lack of good faith in filing pursuant to § 1112(b), because of the Debtor's attempt to frustrate FDIC's ability to enforce its rights; Debtor has interfered with the receivership on its property and failed to turn over rents; Debtor has made only nominal payments on its obligation to Phoenix; Debtor has failed to pay both the real estate taxes and insurance premiums on the property; Debtor has involved Phoenix in extensive state court litigation for over four years, part of the litigation involves an untimely removal of the state court foreclosure proceeding to federal court. Although not filed on the eve of foreclosure as in the *Turner* case, Debtor was near the end of its state court actions prior to the filing of the Chapter 12 petition. As the record establishes, the purpose behind the filing of the Chapter 12 petition was to frustrate and delay the ability of Phoenix to enforce its rights which Debtor had previously stipulated Phoenix could pursue.

### ORDER

IT IS THEREFORE ORDERED that the motion to dismiss filed by Phoenix Mutual Life Insurance is granted.