**In re Milo BORG, Debtor.**

**Bankruptcy No. 89–10257–012.**

United States Bankruptcy Court,
D. Montana.

May 22, 1989.

Jerrold L. Nye, Billings, Mont., for debtor.

Neil D. Enright, Billings, Mont., for First United Bank of Sidney.

Gregory G. Murphy, Billings, Mont., for John Hancock Mut. Life Ins.

Dennis C. Hoeger, Bozeman, Mont., trustee.

## ORDER DISMISSING CASE

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 12 case, a hearing was held April 18, 1989, on the Motions of First Security Bank of Sidney (Bank) and John Hancock Mutual Life Insurance Company (Hancock) to Dismiss this case. The motions are based on the allegations that the Debtor (1) filed in bad faith, (2) has no reasonable prospect of successfully reorganizing, (3) has caused unreasonable delay and prejudice to creditors, and (4) has an aggregate debt limit exceeding the $1,500,-000.00 limit imposed by 11 U.S.C.

§ 101(17).[1] The Debtor resists the motions. At the conclusion of the hearing, the parties were granted five days to file briefs in support of their respective positions. The briefs have been filed and this case is deemed submitted.

On April 7, 1986, the Debtor filed for relief under Chapter 11 of the Code. The Debtor filed four separate Disclosure Statements and Chapter 11 Plans, none of which were approved or confirmed. On March 17, 1987, the Debtor's Chapter 11 case was converted to a Chapter 12 case by this Court upon motion of the Debtor. The Chapter 12 case was dismissed on August 4, 1987, after two unsuccessful Plans had been filed with the Court. Thereafter, on August 26, 1987, the Debtor filed another Chapter 12 petition. This Chapter 12 case was dismissed by this Court on June 8, 1988. The Debtor filed a timely appeal of this Court's June 8, 1988, Order of Dismissal and the appeal is presently pending before the Bankruptcy Appellate Panel of the Ninth Circuit. Thereafter on March 6, 1989, the Debtor filed the instant Chapter 12 Petition. It is the March 6, 1989, case which the Bank and Hancock have moved to dismiss.

Dismissal of a Chapter 12 case, upon motion of a creditor, is governed by 11 U.S.C. § 1208(c). In this case, the Bank and Hancock assert that §§ 1208(c)(1) and (c)(9) are applicable. Sections 1208(c)(1) and (c)(9) provide:

"(c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter [11 USCS §§ 1201 et seq.] for cause, including—

(1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;

\*    \*    \*    \*    \*    \*

(9) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation."

The Bank and Hancock further allege that the Debtor's latest Chapter 12 Petition is not filed in good faith.

This Court has previously held that the Bankruptcy Code contains an implied requirement of good faith in the filing of any bankruptcy petition. *In re Turner*, 71 B.R. 120, 122, 4 Mont.B.R. 136, 140 (Bankr. Mont.1987). Good faith is not defined in the Code, but rather requires the examination of all the particular facts and circumstances in each case. *Id.* The Bankruptcy Appellate Panel of the Ninth Circuit adopted the following "good faith" standard in *In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (BAP 9th Cir.1983):

"Whether it [good faith] exists in any case depends upon the facts and circumstances presented. No one evidentiary fact can be given paramount weight in deciding the question. If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administration expenses ... to mortgage foreclosures, and to invoke the operation of the [bankruptcy law] in the spirit indicated by Congress in the legislation, namely, to attempt to effect a speedy efficient reorganization upon a feasible basis ... good faith cannot be denied."

This Court pointed out in *Turner* that it is not a novel approach for a Debtor to file bankruptcy when faced with foreclosure. However, as the Court went on to analyze, the bankruptcy cannot be filed to "frustrate and delay the efforts" of creditors "enforcing their rights" where reorganization is not possible or the true goal of the Debtor.

■ In this case, the record is replete with indicia that the Debtor is attempting to unreasonably deter and harass creditors in their bona fide efforts to realize upon their securities. The Debtor filed his Chap-

---

**1.** By reason of the holding in this Order the Court does not deem it necessary to decide the issue regarding eligibility.

ter 11 Petition on April 7, 1986, the same day that he was served with Hancock's Complaint to foreclose on its real estate mortgage. After that case was converted to a Chapter 12 and subsequently dismissed, the Debtor filed his second Chapter 12 Petition on August 26, 1987. This Petition was filed just 15 days after the Bank filed a foreclosure action on its collateral. The Debtor's second Chapter 12 case was dismissed by Order of this Court on June 8, 1988, and was timely appealed by the Debtor. The Debtor sought no stay of the dismissal Order pending the appeal, nor did he post any bond pending appeal. As such, the Bank proceeded with a foreclosure action on its collateral. A hearing was set in the foreclosure action on March 6, 1989, on the Bank's Motion for Summary Judgment. However, on the day of the state court hearing and with the Debtor's appeal of his second Chapter 12 case still pending, the Debtor filed the instant Chapter 12 case. Based on this chronology of events, this Court finds that the Debtor's repeated petition filings closely mirror and are influenced by creditors' actions in foreclosure suits. This tendency over the three year period is more than just a coincidence. Accordingly, this Court finds that the Debtor's instant petition was filed to deter and harass the Bank from its bona fide efforts to realize on its security. Therefore, the Debtor's instant Chapter 12 case must be dismissed. However, before the Court dismisses this case, the Court will address one further issue regarding this Chapter 12 case.

█ The Debtor filed this Chapter 12 case while appeal was pending on his last Chapter 12 case with the Bankruptcy Appellate Panel of the Ninth Circuit. The Debtor's last Chapter 12 case has not been closed, and remains an open case in this Court. Since the United States Supreme Court decision in *Freshman v. Atkins*, 269 U.S. 121, 123–24, 46 S.Ct. 41, 41–42, 70 L.Ed. 193 (1925), Courts have universally held that a Debtor cannot file a second bankruptcy petition while a previous petition is pending. *See, In re Cowen*, 29 B.R. 888, 894 (Bankr.S.D.Ohio 1983); *In re Smith*, 85 B.R. 872, 873–74 (Bankr.W.D.

Okla.1988); *Appleton v. Belmore*, 68 B.R. 889, 891 (Bankr.M.D.Pa.1987). The *Cowen* court addressed the reasoning behind this posture:

"The filing of two simultaneous petitions is contrary to the obvious contemplated function of the Bankruptcy Code to resolve debtors' financial affairs by administration of a debtor's property as a single estate under a single Chapter within the Code. 11 U.S.C. Sections 103, 301, 302, and 303." *Cowen*, at 894.

Accordingly, this Court finds that the Debtor's March 6, 1989, filing of a Chapter 12 Petition, with a Chapter 12 case pending, is an abusive, frivolous, and invalid filing.

Bankruptcy Rule 9011 allows the Court, on its own motion, to impose sanctions for frivolous filings. Case law establishes that the imposition of sanctions is appropriate when a bankruptcy petition is not filed for legitimate purposes. *Community Electric Service of Los Angeles v. Nat'l Elec. Contractors Association*, 869 F.2d 1235 (9th Cir.1989); *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584, 585–86 (3rd Cir.1985); *In re Morgan*, 85 B.R. 622, 623 (Bankr.M.D.Fla.1987). Sanctions can be imposed by way of attorney's fees, public reprimand, or other suitable means to meet the end required. In this case, the Court finds that the appropriate sanction is to enjoin the Debtor from filing any further reorganization proceedings under Chapters 11, 12, or 13 for a period of three years.

IT IS ORDERED:

(1) That the Motions of the Bank and Hancock to Dismiss this case are granted; and

(2) That the Debtor is enjoined from filing any reorganization proceedings under Chapters 11, 12, or 13 for a period of three (3) years from the date of this Order.