In re James F. **FUHRMAN** and Sharon L. **Fuhrman,** Debtors.

Bankruptcy No. 90–09567.

United States Bankruptcy Court, E.D. Michigan, N.D.

Aug. 27, 1990.

Joseph Mansfield, Lansing, Mich., for debtors.

D. Keith Birchler, Bay City, Mich., for Farm Credit Bank of St. Paul.

## MEMORANDUM OPINION ON MOTION FOR DISMISSAL

ARTHUR J. SPECTOR, Bankruptcy Judge.

### Introduction

James and Sharon Fuhrman ("Debtors") first filed for relief under Chapter 12 of the Bankruptcy Code on November 12, 1987. The Debtors submitted two different plans of reorganization during the pendency of that case and each was denied confirmation. The case was dismissed on May 16, 1988 for failure to confirm a Chapter 12 plan. On June 20, 1989, the Debtors filed a second petition under Chapter 12 and once again presented two plans which were denied confirmation. The second proceeding was dismissed on May 21, 1990, pursuant to 11 U.S.C. § 1208(c)(1) and (9). On June 26, 1990, the Debtors filed the present peti-

tion for relief. Farm Credit Bank of St. Paul ("FCB") responded to this third petition with a motion filed on July 11, 1990 seeking dismissal of the Debtors' case with prejudice pursuant to 11 U.S.C. § 1208. A hearing on this motion was held on July 27, 1990, after which the parties submitted supplemental briefs. After due consideration of the evidence and the arguments, the Court concludes that dismissal is appropriate and will accordingly grant FCB's motion.

## DISCUSSION

The Debtors' second petition was dismissed on May 21, 1990 pursuant to subsections (1) and (9) of 11 U.S.C. § 1208(c), which provides:

> On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—
>
> (1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;
>
> .    .    .    .    .
>
> (9) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation.

11 U.S.C. § 1208(c). The Debtors are clearly precluded from relitigating the correctness of this Court's order dismissing their second petition; having failed to perfect an appeal from that determination, they are now bound by it. *See* 5 *Moore's Federal Practice,* ¶ 41.14 (2d ed. 1988); *In re Damien,* 35 B.R. 685, 687, 9 C.B.C.2d 1356 (Bankr.S.D.Fla.1983). That determination, however, does not automatically warrant dismissal of the current petition; with exceptions not relevant here, the Code permits so-called "serial" filings.[1] 11 U.S.C. § 349(a). *See generally* 2 *Collier on Bankruptcy,* ¶ 349.02 (15th ed. 1989). We must instead determine whether there has been a change in the Debtors' affairs since the dismissal of the second petition which warrants the conclusion that the Court's findings in May, which are conclusively presumed to have been correct when made, are no longer true today. *See In re Johnson,* 708 F.2d 865, 868 (2d Cir.1983) (successive chapter 13 filings); *In re Beswick,* 98 B.R. 900, 904 (Bankr.N.D.Ill.1989) (chapter 12); *In re Hyman,* 82 B.R. 23, 24 (Bankr. D.S.C.1987) (chapter 12). Where, as in this case, the time frame between the prior dismissal and refiling is very short, the debtor must bear the burden of proof with respect to this issue. *See In re McElveen,* 78 B.R. 1005, 1007 (Bankr.D.S.C.1987).[2]

In their supplemental brief, the Debtors argue that three significant changes have occurred since dismissal of the last case. The first such alleged change is their recent determination that collateral securing a debt owed to the Farmers Home Administration ("FmHA") had been significantly undervalued. As a result of this determination, the Debtors claim that the amount of unsecured debt will be correspondingly reduced and the Debtors will therefore be better able to propose a plan that meets the best interest of creditors' test set forth in 11 U.S.C. § 1225(a)(4).

The Debtors' redetermination of the FmHA's secured status resulted from a review of information that had been available to them during the pendency of their prior case, it was not the result of any post-dismissal events that caused an unanticipated appreciation in the value of the collateral. In essence, the "change" on

---

1. To this extent, the preclusive effect of the prior dismissal differs from that which typically attaches to civil judgments under the rule of res judicata.

2. At some point in time, of course, the presumption that there has been no significant change in the debtor's affairs since dismissal of a prior case becomes unwarranted, and the burden of proving the absence of such a change should properly fall on the party challenging the repeat filing. The Debtors' petition, however, is nowhere near this burden-shifting line of demarcation (wherever that might be), as it was filed only five weeks following dismissal of the previous case.

which the Debtors rely represents nothing more than a change in legal reasoning and/or strategy. Just as inadequate legal representation is no basis for attacking the res judicata effect of a decision on the merits,[3] a tactical change which could have been effectuated pre-dismissal does not constitute the kind of development that justifies refiling under chapter 12. *Cf. Beswick*, 98 B.R. at 904 (a change in legal counsel did not justify refiling under chapter 12 because "[a] party who chooses his counsel freely should be bound by his counsel's actions"). If we were to hold otherwise, dismissal under § 1208(c) would be rendered virtually meaningless; a debtor would be entitled to refile immediately so long as he changed his "game plan" in one or more respects.

The Debtors also point to the fact that, since dismissal of the second case, they have decided to decrease their debt to FCB by deeding back a portion of farmland in which FCB holds a security interest. This "change" is essentially nothing more than a new term in a proposed plan of reorganization. If changes of this nature sufficed, Chapter 12 debtors would always be entitled to second (and third and fourth, etc.) bites at the apple; on refiling, the debtor would simply be required to propose a plan that was materially different from plans filed under prior proceedings. To so hold would be to state, in effect, that the sort of change which will entitle a debtor to yet another opportunity to propose a confirmable plan is to affirmatively demonstrate

that a new plan will in fact be proposed. Neither case law nor simple logic support such a conclusion, and we decline to endorse it.

Finally, the Debtors cite the fact that they have recently retained a "professional agricultural consultant to advise them in the areas of beef cattle management and crop production." Page 2 of Debtors' Supplemental Brief. Once again, this is an action which could easily have been taken prior to dismissal of the second case, and cannot now be cited as a grounds for justifying the current petition.[4]

To sum up, the Debtors have not directed our attention to any material change in their circumstances. Such "changes" as they do allege are not the kind which justify a serial filing under Chapter 12. We therefore conclude that the factors which called for dismissal on May 21, 1990, namely, § 1208(c)(1) and (9), likewise constitute grounds for dismissal of the current petition, and we will enter an order accordingly.[5]

---

3. It is a well-established principle that res judicata bars relitigation of "issues that were or *could have been raised*" in the prior proceeding. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981) (emphasis added).

4. We also reject arguments made by the Debtors that their refiling is justified by the fact that (i) the 1990 crop has been planted and has germinated; and (ii) the Debtors have planted an additional 20 acres of sugar beets. The germination of the 1990 crops was certainly contemplated during the pendency of the Debtors' second bankruptcy case, and the Debtors submitted no evidence to show that the sugar beets (which were planted in lieu of, rather than in addition

to, other crops) would result in substantial increases in net income that could not reasonably have been anticipated prior to dismissal of the second petition.

5. Contrary to *Beswick*, 98 B.R. at 904, we do not find that the Debtors' petition was filed in bad faith. Good faith is a prerequisite for confirmation of a Chapter 12 plan, 11 U.S.C. § 1225(a)(3), but the lack thereof is not essential to a finding of cause for dismissal under § 1208(c). Our comments from the bench at the hearing on this matter are incorporated herein as further explanation for our determination that "good faith" arguments are generally not relevant in this context.