In re Maria WONG, Debtor.

COMMUNITY THRIFT & LOAN, Plaintiff,

v.

Elsie DAVIS, Trustee in Bankruptcy, and Maria Wong, Defendants.

Bankruptcy No. LAX 83–01050.
Adv. No. LAX 83–1075 BR.

United States Bankruptcy Court, C.D. California.

March 30, 1983.

---

Leo L. Vickman, Encino, Cal., for plaintiff.

Mark Wagner of the office of Jerome Edelman, Santa Ana, for debtor.

FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR HEARING HELD ON

BARRY RUSSELL, Bankruptcy Judge.

This cause having come on for hearing on February 17, 1983, and the Court, having read the documents and having heard the evidence, finds the facts and states its conclusions of law as follows:

## FINDINGS OF FACT

1. That the debtor's schedule showed secured debts of $2,450,000.00.

2. That counsel for the debtor represented to the Court that the instant Chapter 13 case had been dismissed.

3. That no attempt was made by the debtor to "meet and confer" with the plaintiff's counsel in accordance with the Pre-Trial Order of this Court.

4. That the last payment made by the debtor to the plaintiff was on June 10, 1981.

5. That Mr. Wagner stated to the Court that it was the policy of the office of Jerome Edelman to only file bankruptcy for one spouse at a time in order to preserve the credit rating of the second spouse, and to file a bankruptcy for the second spouse if the bankruptcy of the first spouse was not successful in achieving their goals.

## CONCLUSIONS OF LAW

1. That it was an abuse of the Bankruptcy Code for a debtor to file a Chapter 13 on the eve of foreclosure after her husband had exhausted all avenues in Bankruptcy Court and State Court.

2. That it was also an abuse of the Bankruptcy Code to file a Chapter 13 in Los Angeles County when the debtor's husband had filed a Chapter 11 in Santa Ana Bankruptcy Court.

3. That it was an abuse of the Bankruptcy Code to file a Chapter 13 when the debtor had $2,400,000.00 of secured debts.

4. That sanctions, punitive damages or any other monetary award against the debtor or the debtor's husband or the

debtor's attorney will not be awarded. The conclusion of law is that the relief from stay will be granted because of lack of adequate protection and abuse of the Bankruptcy Code.

5. This relief from the automatic stay also applies as to any Chapter 13 proceedings, filed subsequent or prior to the instant Chapter 13 proceeding, and which involve the subject property and the plaintiff herein and/or plaintiff's assignees or successors in interest, and as to conducting a foreclosure proceeding under the power of sale of the deed of trust and as to any unlawful detainer action that may be required on behalf of the beneficiary or the successors or assignees or the successful bidder at the sale or their assignees or successors in interest.

6. That this relief from stay does not apply to any subsequent Chapter 7 or 11 proceedings that the debtor may file. However, it is recommended that, and would be in accordance with Local Rules that, any such Chapter 7 or 11 must be filed in the Santa Ana Bankruptcy Court and be assigned to the Judge in that Court who is presently presiding over the debtor's husband's Chapter proceeding.

7. That even if the representation of debtor's counsel is incorrect in that the instant Chapter 13 had not been dismissed, the above order still stands because of the other findings of fact and conclusions of law in this case.

8. That plaintiff does not have adequate protection within the meaning of 11 U.S.C. §§ 361 and 362.

9. That adequate protection will be provided to plaintiff as follows: Relief from the automatic stay shall be granted to the plaintiff herein immediately so that plaintiff may conduct foreclosure proceedings and unlawful detainer proceedings on the real property of the debtor and may exercise the rights of plaintiff under the assignment of rents clause in the Deed of Trust.

10. The debtor shall be restrained from conveying the property in question to a "strawman" who then files for bankruptcy relief, and that, if such a transfer takes place, the automatic stay relating to that "strawman" bankruptcy, or any such subsequent "strawman" bankruptcies, are likewise lifted as to the plaintiff and the above-named successors, both as to the holding of a foreclosure sale and subsequent unlawful detainer proceedings.

11. The automatic stay of Section 362 applies to all secured creditors, and prevents the running of time in any State foreclosure proceedings as to all such secured creditors.

12. Any conclusions of law contained in Findings of Fact shall be construed as such, and vice versa.

13. The debtor is hereby enjoined from filing any further bankruptcy proceedings so long as the instant bankruptcy proceeding is still open.

14. These Findings of Fact and Conclusions of Law and attached Judgment shall act as a bar against the automatic stay arising from any further Chapter 13 bankruptcy proceedings, against the plaintiff herein and plaintiff's assignees or successors, relating to the subject real property herein.

15. Nothing contained herein shall be deemed or construed to waive, reduce or otherwise diminish any right of the creditor with respect to foreclosure proceedings previously commenced with respect to the secured indebtedness represented by said note and Deed of Trust. Further, nothing contained herein shall be deemed or construed to assert that said secured indebtedness is reinstateable under applicable state law.

IT IS SO ORDERED, and counsel for the plaintiff is directed to submit a judgment in accordance herewith.