**In re Olga OUVERSON, Debtor.**

Bankruptcy No. 87–00842M.

Contested No. 71026.

United States Bankruptcy Court,
N.D. Iowa.

Sept. 30, 1987.

Mark S. Soldat, Algona, Iowa, Fred Hendrickson, Sioux Falls, S.D., for debtor.

Carol F. Dunbar, Waterloo, Iowa, Trustee.

John M. Titler, Cedar Rapids, Iowa, for Federal Land Bank.

## MEMORANDUM AND ORDER GRANTING MOTION FOR MODIFICATION OF AUTOMATIC STAY

MICHAEL J. MELLOY, Bankruptcy Judge.

The matter before the Court is the Motion for Modification of the Automatic Stay to proceed with a Sheriff's Sale in a foreclosure action filed by Federal Land Bank of Omaha (FLB). The Court having reviewed the evidence and the arguments of counsel now makes the following Findings, Conclusions, and Order pursuant to Fed.R. Bankr.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## FACTS AND DISCUSSION

Olga Ouverson (Debtor) filed this Chapter 12 bankruptcy petition on April 6, 1987. Debtor and her husband, Francis, signed and executed a variable rate interest note and mortgage securing 245 acres in Worth County, Iowa to FLB on April 19, 1978. Principal and interest accrued as of April 6, 1987, equals $308,703.68.

A Sheriff's Sale was held on April 7, 1987, and Francis Ouverson's undivided one-half interest of the real estate covered by the note and mortgage agreement was sold. Debtor claims the value of her undivided one-half interest in the real estate to be $98,000 per Schedule B while in the Chapter 12 Plan she is attempting to treat the whole property which she values at $122,500. A final updated valuation has yet to be determined.

On or about July 3, 1984, FLB commenced a foreclosure action against the Debtor and her husband in the Iowa District Court for Worth County. A Decree of Foreclosure was entered on December 26, 1984, and a Sheriff's Sale was set for March 5, 1985. Debtor and/or her husband, Francis Ouverson, has subsequently filed the following seven bankruptcy petitions:

A. OUVERSON I. (Chapter 11 petition)

1. On March 4, 1985, Debtor and her husband filed a petition, No. 85–00432M, for relief under Chapter 11 of the Bankruptcy Code. A Sheriff's Sale was scheduled for March 5, 1985.

2. FLB moved for Modification of the Automatic Stay on March 27, 1985.

3. On September 25, 1985, the Automatic Stay was lifted for lack of adequate protection and to allow FLB to proceed in its foreclosure action.

4. March 3, 1986, the case was dismissed upon the Motion of First State Bank of Manly, Iowa, for failure to file a disclosure statement and plan of reorganization.

B. OUVERSON II. (Chapter 7 petition)

1. March 25, 1986, Debtor and Francis Ouverson filed a Chapter 7 petition without schedules, No. 86–00637M.

This filing occurred one day before a Sheriff's Sale was scheduled pursuant to the FLB foreclosure action.

2. April 8, 1986, Debtor and her husband sought voluntary dismissal.

3. The Court dismissed the proceeding without prejudice on May 23, 1986.

C. OUVERSON III. (Chapter 13 petition)

1. Francis Ouverson filed this Chapter 13 petition, No. 86–00940M, on April 22, 1986.

2. Trustee filed Motion to Dismiss or Convert on May 30, 1986.

3. Francis Ouverson sought voluntary dismissal on June 26, 1986.

4. The Court granted the voluntary dismissal.

D. OUVERSON IV. (Chapter 13 petition)

1. On October 24, 1986, FLB filed an Application for Appointment of a Receiver and an Application to Determine that Ouverson's right of redemption no longer exists. These Applications were set for hearing on November 25, 1986.

2. On November 24, 1986, Francis Ouverson filed a Chapter 13 petition, No. 86–02639M. This stayed the hearing and a Sheriff's Sale scheduled for December 23, 1986.

3. FLB filed a Motion to Lift Stay on December 19, 1986.

4. Francis Ouverson sought voluntary dismissal on January 2, 1987, and asked the Court not to rule on the Motion to Lift Stay until the dismissal was ruled on.

5. Court granted dismissal on January 8, 1987.

E. OUVERSON V. (Chapter 12 petition)

1. Francis Ouverson filed a Chapter 12 petition, No. 87–00350M, on February 17, 1987.

2. Court granted FLB's Motion for Dismissal on April 6, 1987.

F. OUVERSON VI. (Chapter 12 petition)

1. On April 6, 1987, Debtor filed this Chapter 12 bankruptcy petition. On April 7, 1987 a Sheriff's Sale was held and Francis Ouverson's undivided one-half interest in the property subject to the FLB note was sold.

G. OUVERSON VII. (Chapter 12 petition)

1. Francis Ouverson filed a Chapter 12 petition, No. 87–01546M, on July 10, 1987.

The movant argues pursuant to 11 U.S.C. § 362(d) that the automatic stay imposed under 11 U.S.C. § 362(a) should be modified because of Debtor's lack of good faith in filing the instant Chapter 12 petition. Section 362(d) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

█ The Court must grant relief from the automatic stay if it determines that "cause" exists. "Cause" as a basis for granting relief from the automatic stay is not defined in the Bankruptcy Code. "Numerous cases have found a lack of good faith to constitute "cause" for lifting the stay to permit foreclosure or for dismissing the case." *Matter of Little Creek Development Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). Bankruptcy petitions filed under Chapter 12 are also subject to dismissal or lifting of the automatic stay for lack of good faith. *In re S Farms One, Inc.*, 73 B.R. 103, 106 (Bankr.D.Colo.1987); *In re Turner*, 71 B.R. 120, 122 (Bankr.D.Mont. 1987); *In re Lubbers*, 73 B.R. 440, 442 (Bankr.D.Kan.1987); *In re Galloway*

*Farms, Inc.*, No. 87–00722–C, slip op. at 6 (Bankr.S.D.Iowa September 23, 1987).

█ Relief from the automatic stay for cause based on lack of good faith in filing the petition is subject to judicial discretion under the facts and circumstances of each case. *Matter of Little Creek Development*, 779 F.2d at 1072; *In re Albany Partners Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984), citing *In the Matter of Nancant*, 8 B.R. 1005 (Bankr.D.Mass.1981); *In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (9th Cir. BAP 1983); *In re Turner*, 71 B.R. at 122 (bad faith as cause for dismissal). In finding a lack of good faith courts have emphasized:

"If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administration expenses ... to mortgage foreclosures, and to invoke the operation of the (bankruptcy law) in the spirit indicated by Congress in the legislation, namely to effect a speedy, efficient reorganization upon a feasible basis ... good faith cannot be denied." *Turner* 71 B.R. at 122, citing *Thirtieth Place, Inc.* 30 B.R. at 505; *See also, Albany Partners LTD.* 749 F.2d at 674.

█ Although filing a bankruptcy petition on the eve of a scheduled foreclosure sale is generally not, by itself, sufficient to constitute bad faith, *In re Route 202 Corp.*, 37 B.R. 367, 373 (Bankr.E.D.Pa. 1984), repetitious filings for the purpose of invoking the automatic stay and delaying secured creditors is an abuse of the bankruptcy process. *In re Jones*, 41 B.R. 263, 266–67 (C.D.Cal.1984); *see also In re Dyke*, 58 B.R. 714 (Bankr.N.D.Ill.1986) (did not allow voluntary dismissal with immediate refiling to invoke automatic stay without showing of changed circumstances). In *In re Wong*, 30 B.R. 87 (Bankr.C.D.Cal.1983) the bankruptcy court dismissed the Debtor's Chapter 13 petition for lack of good faith in filing. The facts in *Wong* are similar to the case at bar. In that case,

Debtor's husband filed a Chapter 11 petition which failed to stop a foreclosure proceeding. Debtor then filed a Chapter 13 petition in another court on the eve of foreclosure. The court concluded that this was an abuse of the Bankruptcy Code. The *Wong* court also noted that the same creditors were involved in both bankruptcies.

■ There is no question that four of the seven bankruptcies were filed by Debtor and/or her husband in order to invoke the automatic stay as to the 245 acres encumbered by the FLB mortgage. Their concerted, intertwined efforts to prevent FLB from realizing on its security can be viewed as the acts of one entity. *In re Kinney*, 13 C.B.C.2d 957, 964, 51 B.R. 840 (Bankr.C.D. Cal.1985). The *Kinney* court stated that the bad faith actions of each family member could be imputed to the rest of the family where ten petitions were filed by six different family members over a 25–month period to prevent foreclosure on commercial real property. The *Kinney* court also stated, "If the question of criminal conspiracy were pertinent, each family member would be liable for the acts of the others in furtherance of this scheme, for the Court infers mutual consent and conformance to a contemplated pattern of conduct. *Esco Corporation v. United States*, 340 F.2d 1000, 1008 (9th Cir.1965)." Here the actions of Debtor and her husband can be imputed to each other because of the unity of interest (preventing foreclosure) and concert of action. *In re Kinney*, 13 C.B.C. at 964, 51 B.R. 840.

■ This Court finds and concludes that resolution of this matter is reached by analyzing whether the Chapter 12 petition was filed in good faith. There is considerable evidence establishing Debtor's lack of good faith: this is the third bankruptcy petition Debtor has participated in since 1985; all three petitions were filed on the eve of foreclosure; one of the petitions was voluntarily dismissed at the request of the Debtor and her husband after having "stayed" the scheduled Sheriff's Sale; the Chapter 11 petition was dismissed for lack of prosecution—no disclosure statement or plan was filed; the current Chapter 12 petition was filed the same day Debtor's husband's first Chapter 12 petition was dismissed, one day prior to a scheduled Sheriff's Sale; and the Debtor and/or her husband engaged in concerted action in filing seven bankruptcy petitions over a 26–month period, which invoked the automatic stay. FLB, as a result of the multiple bankruptcy filings, has been unable to complete its foreclosure action.

In addition, the Court concludes the automatic stay should be modified pursuant to 11 U.S.C. § 362(d)(2). The Debtor lacks equity in the property and because of the lack of good faith in filing, the Plan also lacks the requisite good faith and confirmation would fail pursuant to 11 U.S.C. § 1225(a)(3). *In re S. Farms*, 73 B.R. at 106. Therefore the property is not necessary to an effective reorganization. *See In re Ahlers*, 794 F.2d 388, 398 (8th Cir.1986) (citing with approval cases which hold that if no reorganization if feasible, then no property of the debtor can be necessary for that end).

### ORDER

IT IS THEREFORE ORDERED that the Motion to Modify the Automatic Stay to proceed with a Sheriff's Sale filed by Federal Land Bank is granted.